NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

LAURA L., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.L., *Appellees.*

No. 1 CA-JV 17-0339
FILED 12-26-2017

---

Appeal from the Superior Court in Maricopa County
No. JD30388
The Honorable Nicholas B. Hoskins, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B E E N E**, Judge:

¶1        Laura L. ("Mother") appeals the termination of her parental rights to her child, J.L. (born in 2011).  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        In April 2015, the Department of Child Safety ("DCS") took J.L. and her two siblings into custody and filed a dependency petition alleging abuse or failure to protect from abuse, neglect, and unwillingness or inability to provide proper and effective parental care.  Mother's two other children, C.L. and E.L., are not parties to this appeal.

¶3        During the pendency of the case, DCS provided Mother with several services, including substance-abuse assessment and treatment, parent-aide services, psychological evaluation, and individual counseling. DCS informed Mother of the requirements of these services at various court hearings and through multiple service letters.  Mother participated in but failed to complete several substance-abuse treatment programs.  She also was closed out of her referral for individual counseling and parent aide visits with her children due to inconsistent participation.

¶4        In August 2016, DCS moved to terminate Mother's parental rights to J.L. based on Mother's substance abuse and nine months out-of-home placement.  Ariz. Rev. Stat. ("A.R.S.") § 8–533(B)(3) and –533(B)(8)(a). At the termination hearing, Mother testified that she primarily speaks Spanish and that none of the case managers assigned to her case spoke Spanish.  She testified that communicating with them was difficult and that DCS failed to provide her an interpreter when she contacted them.

¶5        A DCS case manager testified, however, that Mother usually had a family member with her who was able to translate for her, and, if Mother did not have someone with her to interpret, DCS provided someone.  The case manager further testified that Mother always had a translator for the supervised visits and that services were discussed with Mother at court hearings where a Spanish interpreter was present.  Both the

case manager and a DCS supervisor testified that Mother failed to maintain contact with DCS despite different case managers attempting to contact her.

**¶6**     The superior court found the DCS case worker's testimony concerning reunification services to be credible and supported by the evidence. The court also found that the translation services DCS provided both in and out of court were appropriate. Throughout the dependency, the court consistently found that DCS had made reasonable efforts to provide Mother with appropriate reunification services.

**¶7**     In July 2017, the court terminated Mother's parental rights to J.L. on both grounds alleged in the petition and found that severance would be in J.L.'s best interests. Mother timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8–235(A) and 12–120.21(A)(1).

## DISCUSSION

**¶8**     The fundamental right to parent one's child is not absolute. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005). The superior court may terminate parental rights if it finds, "by clear and convincing evidence, at least one of the statutory grounds set out in section 8–533," and by a preponderance of the evidence that termination is in the best interests of the child. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248–49, ¶ 12 (2000); *Kent K.*, 210 Ariz. at 284, ¶ 22.

**¶9**     We review an order terminating parental rights for an abuse of discretion and will not reverse unless "there is no reasonable evidence to support" the order. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings," we will accept its findings of fact unless no reasonable evidence supports them. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

**¶10**     To meet its burden under A.R.S. § 8-533(B)(8)(a), DCS was required to prove: (1) the child has been in an out-of-home placement for at least nine months; (2) DCS has "made a diligent effort to provide appropriate reunification services;" and (3) "the parent has substantially neglected or willfully refused to remedy the circumstances that cause the child to be in an out-of-home placement, including refusal to participate in reunification services[.]" Mother argues only that DCS did not make a diligent effort to provide appropriate reunification services as required under § 8-533(B)(8)(a). DCS fulfills this requirement by providing the parent "with the time and opportunity to participate in programs designed

to improve the parent's ability to care for the child." *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192, ¶ 37 (App. 1999). But DCS is not required to provide the parent with every conceivable service or to ensure that she participates in every service offered. *In re Maricopa Cty. Juvenile Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994).

**¶11** Mother argues that she did not receive a fair opportunity to fully engage in reunification services from DCS because the language barrier between her and the DCS managers resulted in poor communication regarding the services.

**¶12** DCS provided substantial evidence that showed that Mother was provided with appropriate reunification services for two years before the termination hearing. These services included drug and alcohol screenings, psychological evaluation, supervised visits with her children, and individual counseling. Mother was informed of these services through letters and during court hearings, but failed to consistently participate in these services.

**¶13** As to the language barrier, the superior court found the case manager's testimony credible that, in interacting with DCS, Mother either brought someone with her to serve as an interpreter or the case manager provided her with an interpreter. The court also determined that, despite having multiple case managers that did not speak Spanish, DCS "was credible in trying to reach out to [Mother]," and the translation services DCS provided both in and out of court were appropriate. Because reasonable evidence supports the court's finding, we will not disturb it. *See Jesus M.*, 203 Ariz. at 280, ¶ 4.

**¶14** Sufficient evidence supports the superior court's finding that DCS provided Mother with appropriate reunification services. [1]

---

[1] Mother does not challenge the superior court's finding that termination of her parental rights is in J.L.'s best interests; thus, we do not address it. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577-78, ¶ 5 (App. 2017).

## CONCLUSION

**¶15**        Accordingly, we affirm the superior court's termination of Mother's parental rights to J.L. pursuant to A.R.S. § 8-533(B)(8)(a).[2]



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[2]        Because we find that the superior court did not err in terminating Mother's rights under Arizona Revised Statutes section 8–533(B)(8)(a), we need not address the court's termination of Mother's rights under § 8-533(B)(3). *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27 (2000) (if appellate court affirms one statutory basis, it need not address other statutory bases for termination).